UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| FREDERICK D JONES, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00229-SEB-DML |
| | ) | |
| KELLEY BROWN Detective, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On December 11, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* but dismissed his complaint without prejudice. We ordered him to file an amended complaint within forty days or lose his lawsuit for good. On February 10, 2020, we extended Plaintiff's time to file his amended complaint to March 21, 2020. On March 17, 2020, we granted Plaintiff an additional ten days in which to file his amended complaint, extending his deadline to March 31, 2020. Despite these enlargements of time, Plaintiff failed to file an amended complaint. Accordingly, this case was dismissed, and final judgment was entered on April 10, 2020. [Dkt. 19].

Two months later, Plaintiff filed four motions in this matter.[1] On June 19, 2020, we issued an Order finding that Plaintiff's motions raised issues outside the scope of the terminated litigation and requested inappropriate relief. And, in any event, this case was

---

[1] On June 9, 2020, Plaintiff filed a Motion for Lawsuit and a Motion to Withdraw Per Agreement. On June 12, 2020, he filed a Motion Requesting Inheritance. Finally, on June 15, 2020, he filed a Motion for Act Against Kelley Brown.

closed. We therefore denied each motion and advised Plaintiff that he would need to

initiate new legal proceedings if he desired to litigate those issues raised in his belated

filings, though we warned that "under no circumstances" would certain aspects of his

requested relief be granted by the Court (for example, his request for the Court's

assistance in purchasing a romantic partner for him).

Plaintiff has now filed a "Motion to Disqualify" the undersigned, raising

allegations of prejudice and bias and stating that in entering these orders, the undersigned

is favoring the defendants. We interpret this as a motion to disqualify brought pursuant to

28 U.S.C. § 455(b)(1),[2] which requires a federal judge to "disqualify [herself] . . . where

[she] has a personal bias or prejudice concerning a party, or personal knowledge of

disputed evidentiary facts concerning the proceeding." When a party moves for

disqualification based on personal bias or prejudice, recusal is required "only if actual

bias or prejudice is proved by compelling evidence" that would cause a reasonable person

to "harbor doubts about the judge's impartiality." *Betts-Gaston*, 860 F.3d at 537; *Brokaw*

*v. Mercer Cty.*, 235 F.3d 1000, 1025 (7th Cir. 2000). A judge is not required to disqualify

when he or she has issued rulings on the merits that are firmly grounded  in the record

before the Court. *See Matter of Huntington Commons Associates*, 21 F.3d 157, 158 (7th

Cir. 1994); *See also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop*

*Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1255–56 (7th Cir. 1993) ("Facts learned by

---

[2] Pro se filings are entitled to a liberal construction. *Greer v. Bd. of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable."

a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.")

Plaintiff's allegations are entirely conclusory and based on nothing more than the Court's adverse rulings. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"—especially when, as here, Plaintiff has not alleged that our rulings in this litigation were influenced by any extrajudicial sources, that is, information the judge has acquired from "outside [the] courthouse." *Brokaw*, 235 F.3d at 1025 (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)); *Edgar v. K.L.*, 93 F.3d 256, 259 (7th Cir. 1996). No such outside information has been acquired by the Judge. Thus, no reasonable person could believe that the undersigned is biased or prejudiced based on these rulings alone. *Brokaw*, 235 F.3d at 1025 (concluding that reasonable persons could not find that the district court judge was biased or prejudice when the only evidence presented was adverse judicial rulings). Plaintiff was afforded by the Court multiple opportunities to remedy the deficiencies in his Complaint, was repeatedly informed that his lawsuit could not proceed unless he did so, and was warned that his failure to file an amended complaint would result in the dismissal of his lawsuit. [Dkt. 8, 12, 17]. Nonetheless, he did not submit an amended complaint as directed.[3]

---

[3] On July 7, 2020, Plaintiff filed a document entitled "amended complaint." Aside from the fact that this amended complaint still does not state a claim for which relief can be granted, it comes nearly three and a half months late and following the entry of final judgment. Plaintiff's time to file an amended complaint in this case has come and gone. As discussed herein, Plaintiff's remaining option in this case is to appeal this Order.

Plaintiff's Motion to Disqualify also references "Judicial Rule 60." We assume this reflects his intention to invoke Federal Rule of Civil Procedure 60(b)(1), which allows the Court, in its discretion, to grant relief from a judgment for reasons such as mistake, surprise, or excusable neglect. Plaintiff states: "[Judge] Barker has stated that [he] did reply to a correspondence that is not on the Docket nor did [he] receive it." This assertion sounds in excusable neglect, but the Court cannot discern the "correspondence" to which Plaintiff is referring. To the extent he is claiming that he has not received our orders, we are unconvinced since all litigants, even those proceeding pro se, have a duty to maintain a current address with this Court as well as a duty to monitor the docket. *United States v. $9,171.00 United States Currency*, No. 1:16-CV-00483-TWP-MJD, 2019 WL 2996930, at *1 (S.D. Ind. June 21, 2019), *report and recommendation adopted*, 2019 WL 2995319 (S.D. Ind. July 9, 2019). Plaintiff submitted numerous filings between January and June 2020, all of which referenced the same mailing address. It is this address to which the Court directed copies of its entries. Additionally, when Plaintiff filed his Notice of Change of Address in January 2020 informing the Court that he had been released from prison and that he did not believe he had received all of our orders while in prison, we mailed all relevant docket entries to him at his new address and provided an extension of time in which he could file his amended complaint. [Dkt. 12]. Indeed, as previously stated, Plaintiff was provided multiple opportunities to remedy the deficiencies in his complaint. He took advantage of none of them.

Accordingly, Plaintiff's Motion to Disqualify is denied. We also note that

Plaintiff's time to appeal our final judgment has now expired.[4] However, because we

have interpreted his most recent filing as requesting relief pursuant to 28 U.S.C. § 455

and Rule 60(b), he is entitled to appeal this decision within 30 days following the entry of

this Order. *In re Gibson*, 950 F.3d 919, 922 (7th Cir. 2019) (noting that a judge's refusal

to recuse himself under 455(b) may be appealed following the entry of final judgment);

*Logan v. Evans, 86 Fed. Appx.* 996, 997 (7th Cir. 2004); *see also S.E.C. v. Van*

*Waeyenberghe*, 284 F.3d 812, 815, 2002 WL 474662 (7th Cir. 2002) (denial of a Rule

60(b) motion is independently appealable, but the court of appeals will only review the

Rule 60(b) criteria and not the underlying order).

We conclude by once again advising Plaintiff that this action is now closed on the

Court's docket, and accordingly any additional filings in this case will be stricken except

to the extent they may relate to an appeal of this Order to the Seventh Circuit Court of

Appeals.

IT IS SO ORDERED.

Date:     7/9/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[4] To appeal a decision of the district court, a notice of appeal must be filed with the district court within 30 days following the entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). This time may be extended only if the party so moves no later than 30 days following filing deadline if there is good cause or excusable neglect. Fed. R. App. P. (a)(5)(A)(i)-(ii). Here, this means that Plaintiff should have filed his notice of appeal by May 10, 2020, and any motion for extension of time by June 9, 2020.

5

Distribution:

FREDERICK D JONES, JR
3423 Dunbar Ave.
New Albany, IN 47150